IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| DOYLE E. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-6067-CV-SJ-ODS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION GRANTING THE COMMISSIONER'S MOTION TO DISMISS**

Pending is the Commissioner's Motion to Dismiss (Doc. # 8), which contends the Court lacks jurisdiction. The motion is granted, and the case is dismissed.

Plaintiff filed his first application for benefits on March 19, 1997, alleging an onset date of July 6, 1994. Plaintiff's insured status expired on March 31, 1997. His claim was denied on April 15, 1997. The Notice of Disapproval advised Plaintiff of his right to a hearing before an ALJ, and warned that while Plaintiff could file a new application the agency "could deny the new application using this decision, if the facts and issues are the same. So, if you disagree with this decision, you should ask for an appeal within 60 days." Nonetheless, Plaintiff did not initiate an appeal.

Plaintiff filed the instant application for benefits on May 27, 2003, and again alleged an onset date of July 6, 1994. The claim was denied initially based on the 1997 denial, and this time Plaintiff sought a hearing before an ALJ. The ALJ denied Plaintiff's claim without a hearing, concluding the prior decision was res judicata as to Plaintiff's latest claim. Plaintiff seeks judicial review of that decision.

Judicial review is allowed "after any final decision of the Commissioner of Social Security made after a hearing . . . ." 42 U.S.C. § 405(g). As is usually the case when res judicata is applied, the Commissioner's decision in this case was not made after a hearing so the Court lacks jurisdiction to consider Plaintiff's case. E.g., Califano v. Sanders, 430 U.S. 99, 108 (1977); Davis v. Sullivan, 977 F.2d 419, 420 (8th Cir. 1992).

Plaintiff may also be understood as challenging the Commissioner's decision not to reopen his 1997 application, but even if this is Plaintiff's argument the case must be dismissed because this decision is unreviewable. E.g., King v. Chater, 90 F.3d 323, 325 (8th Cir. 1996).

In opposing the Commissioner's motion, Plaintiff relies exclusively on Dealy v. Heckler, 616 F. Supp. 880 (W.D. Mo. 1984). Dealy held the notice provided the claimant following the initial denial was misleading and defective because it did not properly advise the claimant of the consequences of failing to ask for an administrative hearing. To the contrary, the notice suggested the claimant had two equally viable choices: request a hearing or file a second application. 616 F. Supp. at 881-82, 886. Dealy also held that a decision was entitled to res judicata effect only if the decision was made after a hearing. Id. at 888.

The first aspect of Dealy is inapplicable in this case. Plaintiff does not suggest (and the Court does not discern) any infirmity or inadequacy in the notice provided following the administrative denial of his 1997 application. The second aspect of Dealy has been rejected by the Eighth Circuit.

> Some courts have held that an administrative order entered without a hearing may not have preclusive effect. See Dealy, 616 F.Supp. at 887-88 (citing cases). In this case, however, Yeazel did not receive a hearing solely because he himself elected not to pursue one after his 1989 application initially was denied. For this reason, Yeazel may not now complain that he had no hearing. See Lewellen v. Sullivan, 949 F.2d 1015, 1016 (8th Cir. 1991) (upholding Commissioner's denial of benefits based on res judicata where applicant had failed to appeal the denial without hearing of an earlier application).

Yeazel v. Apfel, 148 F.3d 910, 912 (8th Cir. 1998).

For these reasons, the Court lacks jurisdiction. The Commissioner's motion is granted and this case is dismissed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 22, 2005  UNITED STATES DISTRICT COURT